# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Alfred Naussner,<br>　　　　　Debtor, | Chapter 13 |
| Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1,<br>　　　　　Movant,<br>vs.<br>Alfred Naussner,<br>　　　　　Debtor / Respondent,<br>and<br>SCOTT F. WATERMAN (Chapter 13),<br>　　　　　Trustee / Respondent. | Case No.: 16-18290-amc |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 ("Movant"), by and through its counsel, Andrew M. Lubin, Esquire, of Milstead & Associates, LLC, and hereby requests an order terminating the automatic stay provisions of section 11 U.S.C. § 362 to enable Movant to take any and all action necessary to enforce its rights as determined by the Note (defined below) and Mortgage (defined below), state and/or other applicable law with regard to real property known as and located at 12719 Minden Rd., Philadelphia, PA 19154, and in support thereof avers as follows:

**THE PARTIES**

1.    Movant, Select Portfolio Servicing, Inc. as servicing agent for U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 is a secured creditor of the Debtor.

2.    Debtor is the owner of real property known as and located at 12719 Minden Rd., Philadelphia, PA 19154 (the "Property").

**JURISDICTION AND VENUE**

3.    On or about December 1, 2016, the Debtors filed a petition under Chapter 13 of the Bankruptcy Code.

4.    This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

5.    Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

6.    Debtor is the owner of the Property.

7.    The Debtor, Alfred Naussner, has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $164,000.00 (the "Note"). Movant is an entity entitled to enforce the Note. Copy of Note is attached hereto as Exhibit B.

8.    Pursuant to that certain mortgage executed by Alfred Naussner dated November 4, 2005 and recorded in the office of the county clerk of Philadelphia, Pennsylvania (the "Mortgage"), all obligations (collectively the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. Copy of the Mortgage is attached hereto as Exhibit

C. Copy of the Loan Modification is attached hereto as Exhibit D. Copy of the Assignment of Mortgage is attached hereto as Exhibit E.

9. The entity which has the right to foreclose is: U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 by virtue of being the holder and owner of the note.

10. Debtor has failed to make monthly payments due under the Mortgage since the filing of the petition for the months of January 1, 2020 to June 1, 2020. As of June 30, 2020, the amount of the post-petition delinquency is as follows:

| | |
|---|---|
| 6 Payments @ $1,371.89 (1/1/2020 - 6/1/2020) | $ 8,231.34 |
| Less Suspense Balance | ($ 248.00) |
| **Total Post-Petition Arrears** | **$ 7,983.34** |

Copy of the post-petition payment history is attached hereto as Exhibit A.

11. As of June 30, 2020, the unpaid principal balance is $158,669.86.

12. As of the filing date of the petition on December 1, 2016, pre-petition arrears were $77,963.52 (11/1/2011 – 12/1/2016).

**BASIS FOR RELIEF REQUESTED**

13. Movant requests an order terminating the automatic stay provisions of 11 U.S.C. § 362 to enable Movant to take any and all action(s) necessary to enforce its rights as determined by the Note and the Mortgage, State and/or other applicable law with regard to the Property.

14. Section 362(d) permits relief from the automatic stay upon two bases. Section 362 provides that relief may be granted:

> (1) for cause including the lack of adequate protection of an interest in property of such party in interest; *or*
>
> (2) with respect to a stay of an act against property, if
> (A) the debtor does not have equity in such property and

(B) such property is not necessary to an effective reorganization or plan.

15. Section 362(d) is written in the disjunctive rather than the conjunctive so that either basis alone is a sufficient basis for relief. *See,* Nazareth National Bank v. Trina-Dee, Inc. 731 F.2d 170, 170 (3rd Cir. 1984) (explaining that "either ground along is sufficient to justify relief from the stay"). Movant is not adequately protected because the Debtor has failed to make post-petition mortgage payments and because there is inconsequential or no equity in the Property. Movant has cause to have the automatic stay modified so as to permit Movant to take any and all action(s) necessary to enforce its rights as determined by State and/or other applicable law with regard to the Property.

**WHEREFORE,** Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the automatic stay for all purposes allowed by the Note, the Mortgage, and applicable law with respect to Movant, its successors or assigns, and the Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

3. For such other relief as the Court deems proper.

Respectfully submitted,
MILSTEAD & ASSOCIATES, LLC

DATED: July 22, 2020

/s/Andrew M. Lubin
Andrew M. Lubin, Esquire
Attorney ID No. 54297
alubin@milsteadlaw.com
1 East Stow Road
Marlton, NJ 08053
Attorneys for Movant