United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 16-18290-amc |
| Alfred Naussner | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Dec 22, 2023 | Form ID: 3180W | Total Noticed: 5 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 24, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Alfred Naussner, 12719 Minden Road, Philadelphia, PA 19154-1419 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Dec 22 2023 23:44:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | EDI: PENNDEPTREV | Dec 23 2023 04:38:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Dec 22 2023 23:44:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 13919584 | + | Email/Text: megan.harper@phila.gov | Dec 22 2023 23:44:00 | CITY OF PHILADELPHIA LAW DEPARTMENT - TAX UNIT, BANKRUPTCY GROUP, MSB, 1401 JOHN F. KENNEDY BLVD., 5TH FLOOR, PHILADELPHIA, PENNSYLVANIA 19102-1640 |
| 13920868 | | Email/Text: BKSPSElectronicCourtNotifications@spservicing.com | Dec 22 2023 23:44:00 | U.S. Bank National Association, as trustee, c/o Select Portfolio Servicing, Inc., P.O. Box 65250, Salt Lake City, UT 84165-0250 |

TOTAL: 5

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 24, 2023                    Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 21, 2023 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BRAD J. SADEK | on behalf of Debtor Alfred Naussner brad@sadeklaw.com bradsadek@gmail.com;sadek.bradj.r101013@notify.bestcase.com;documents@sadeklaw.com |
| MARK A. CRONIN | on behalf of Creditor U.S. Bank National Association as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 bkgroup@kmllawgroup.com |
| MATTHEW CHRISTIAN WALDT | on behalf of Creditor U.S. Bank National Association as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com |
| MATTHEW CHRISTIAN WALDT | on behalf of Creditor SELECT PORTFOLIO SERVICING INC. mwaldt@milsteadlaw.com, bkecf@milsteadlaw.com |
| MICHELLE L. MCGOWAN | on behalf of Creditor U.S. Bank National Association as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 mimcgowan@raslg.com |
| ROGER FAY | on behalf of Creditor Select Portfolio Servicing Inc. as servicing agent for U.S. Bank National Association rfay@alaw.net, bkecf@milsteadlaw.com |
| ROGER FAY | on behalf of Creditor U.S. Bank National Association as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-1 Home Equity Pass-Through Certificates, Series 2006-1 rfay@alaw.net, bkecf@milsteadlaw.com |
| ROGER FAY | on behalf of Creditor U.S. Bank National association as Trustee rfay@alaw.net, bkecf@milsteadlaw.com |
| SCOTT F. WATERMAN [Chapter 13] | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 10

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | Alfred Naussner<br>First Name    Middle Name    Last Name | Social Security number or ITIN  xxx–xx–6264<br>EIN  __–_____ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN  ____<br>EIN  __–_____ |
| United States Bankruptcy Court | Eastern District of Pennsylvania | |
| Case number: | 16-18290-amc | |

# Order of Discharge                                                                 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Alfred Naussner

12/21/23                                                            **By the court:** Ashely M. Chan
                                                                                  United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2>**

---

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**